804 F.2d 1250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis HATFIELD, Appellant,
v.
Manfred G. HOLLAND, Warden; Dennis R. Eisenhaur, Deputy
Warden; Lt. Ball; Lt. Bradley; Sgt. Willis;
and Officers Yoho and Trickett of the
West Virginia Penitentiary, Appellees.
 No. 85-6670.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 6, 1986.
Decided Nov. 13, 1986.
 
 Curtis Hatfield, appellant pro se.
 J. Bradley Russell, Office of the Attorney General, for appellees.
 N.D.W.Va.
 VACATED AND REMANDED.
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, District Judge. (C/A No. 85-26-E(K))
 Before HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Curtis Hatfield, a West Virginia inmate, appeals from the judgment entered against him on his complaint under 42 U.S.C. Sec. 1983. Hatfield's complaint, that certain correctional officers had beaten him during a move of prisoners on July 13, 1984; that Deputy Warden Eisenhaur had ordered the beating; and that Warden Holland had covered up the beating, was referred to a magistrate for consideration and preparation of proposed findings and recommendations pursuant to 28 U.S.C. Sec. 636(b)(1)(B). Because the defendants had requested a jury trial, the magistrate impaneled a jury to hear the case. At the close of Hatfield's case-in-chief, the magistrate directed a verdict, conditioned upon the district court's approval and adoption, in favor of Warden Holland; the jury rendered a verdict in favor of the remaining defendants at the close of all the evidence. Based upon this outcome, the magistrate prepared a report which recommended that the district court grant a directed verdict in favor of Warden Holland and enter judgment on the jury's verdict in favor of the remaining defendants. The district court adopted the recommendation.
 
 
 2
 One week after entry of judgment, this Court held in Wimmer v. Cook, 774 F.2d 68 (4th Cir.1985), that a magistrate does not have the authority to impanel a jury without the consent of the parties and substitute a jury's general verdict for the findings and recommendations required of the magistrate under 28 U.S.C. Sec. 636(b)(1)(B). We further held that a magistrate's recommendation that judgment be entered in accordance with a jury verdict denied the plaintiff his right to object to the factual findings on which judgment would rest and denied the district judge the opportunity to conduct a de novo review. Id. at 75. We think that the same can be said about a magistrate's recommendation, unsupported by underlying factual findings, that a district judge approve the entry of a directed verdict. If the magistrate fails to make any factual findings, the objection and review process established by 28 U.S.C. Sec. 636(b) is frustrated. See id. at 73-75.
 
 
 3
 The magistrate's report in this case was essentially a summary of the proceedings in the case and a recommendation that judgment be entered on the directed verdict and the jury verdict. The report neither summarized the evidence presented at trial nor offered any proposed findings based on that evidence. In view of our decision in Wimmer regarding the proper conduct of proceedings under 28 U.S.C. Sec. 636(b), we conclude that the judgment entered should be vacated both as to the jury verdict and the directed verdict.
 
 
 4
 Hatfield has asserted on appeal that the district court abused its discretion in refusing to appoint counsel to represent him. We note that the claims raised in Hatfield's complaint are relatively straightforward, that the district court sent Hatfield a memorandum designed to assist him in trying his claims, and that an inmate advisor provided certain assistance in trial preparation. We therefore find no abuse of discretion in the district court's denial of Hatfield's pretrial motions for appointment of counsel. On remand, however, the magistrate and district court should consider whether during the prior trial of this case Hatfield demonstrated a need for the assistance of counsel and whether appointment of counsel is, at this point, appropriate.
 
 
 5
 For the reasons stated, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 VACATED AND REMANDED.